UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK P. PIERSANTE,

               Plaintiff,

v.                                      Case No. 13-11079

COMMISSIONER OF SOCIAL        HON. TERRENCE G. BERG
SECURITY,                              HON. MONA K. MAJZOUB
               Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation of February 4, 2014 (Dkt. 19), recommending that Plaintiff's motion for summary judgment be granted, in part, that Defendant's motion for summary judgment be denied, and that this matter be remanded, under sentence four,[1] for further proceedings.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). Defendant filed timely objections (Dkt. 20) to the Report and Recommendation; Plaintiff did not file any objections, but did file

---

[1] A claimant whose request for social security benefits is denied after an administrative hearing may appeal this decision to the district court, pursuant to 42 U.S.C. § 405(g). The fourth sentence of § 405(g) gives the district court the power to "enter ... a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," known as a "sentence-four remand." On a sentence-four remand, the administrative law judge retains the discretion to grant or deny a benefits award. *See Shalala v. Schaefer*, 509 U.S. 292, 304 (1993).

a response to Defendant's objections (Dkt. 22). A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed Magistrate Judge Majzoub's Report and Recommendation, and Defendant's objections thereto. For the reasons set forth below, Defendant's objections are OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court. Consequently, this matter is REMANDED pursuant to sentence four of to 42 U.S.C. § 405(g) for further proceedings, consistent with the discussion below.

## ANALYSIS

### A. The Social Security Act

The Social Security Act (the Act) "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant qualifies as disabled "if she cannot, in light of her age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Combs*, 459 F.3d at 642 (quoting 42 U.S.C. § 423(d)(2)(A)).

Under the authority of the Act, the Social Security Administration (SSA) has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The five steps are as follows:

> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. [20 C.F.R.] § 404.1520(a)(4)(i). If claimants get past this step, the SSA at step two considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. *Id.* § 404.1520(a)(4)(ii). Claimants with impairments of insufficient duration are not disabled. *See id.* Those with impairments that have lasted or will last at least twelve months proceed to step three.
>
> At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their duration but also to the degree of affliction imposed. *Id.* § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA's special list of impairments, or that is at least equal in severity to those listed. *Id.* § 404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the process ends at step three. Claimants with lesser impairments proceed to step four.
>
> In the fourth step, the SSA evaluates claimant's "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. *Id.* § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id.* § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled. Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. *See id.* § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. *See id.*; § 404.1560(c)(1).

*Combs*, 459 F.3d at 642–43.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that []he is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If the analysis reaches the fifth step, the burden transfers to the Commissioner. *See Combs*, 459 F.3d at 643. At that point, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

Judicial review of the Commissioner's final decision is authorized pursuant to 42 U.S.C. § 405(g). Where, the Appeals Council denies review, the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Judicial review, however, is circumscribed in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quotation marks omitted) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). This substantial evidence standard is less exacting than the preponderance of evidence standard. *See Bass*, 499 F.3d at 509 (citing *Bell v.*

4

*Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). For example, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509.

> **B. The ALJ's Decision is not Supported by Substantial Evidence on the Issue of Whether Plaintiff was Capable of Performing His Prior Work.**

In this matter, Magistrate Judge Majzoub recommended remand for the ALJ to reconsider a single issue – whether Plaintiff was capable of performing his prior relevant work. The ALJ concluded that Plaintiff was capable of performing his prior work, and thus denied Plaintiff's claim at step four of the process.

Plaintiff testified at the hearing before the ALJ that his only past employment was doing stock work at various grocery stores (Tr. 42). He indicated that he was a manager at one location in 1972, but even though he was called a "manager," that position was "just doing stock work" (Tr. 43). Plaintiff also indicated that he was a "grocery manager" at another location in 1999-2000, but that he did "everything," including stock work (Tr. 44, 59). He noted that he would sometimes have to lift items that weighed 15 pounds, but his boss had hired "helpers" to assist whenever he had to lift anything heavy (Tr. 61-62). The ALJ clarified whether Plaintiff was "on [his] feet . . . doing all sorts of stuff," to which Plaintiff replied, "constantly" (Tr. 45).

After acknowledging that his testimony would be consistent with the Dictionary of Occupational Titles (DOT), the Vocational Expert ("VE") testified that

he was familiar with Plaintiff's past work (Tr. 56-57). He noted that Plaintiff's past work included two positions. The VE categorized the first position as "grocery stock," which he classified as "unskilled, medium work for the DOT, medium for [Plaintiff], as performed by [Plaintiff] per the file" (Tr. 58). Then, after some clarification by Plaintiff, the VE categorized Plaintiff's second position as "a grocery order clerk, with DOT number 219.367-030." The VE classified this position as "semi-skilled, SVP-4," that was "light per the DOT and light per [Plaintiff's] testimony" (Tr. 63).

Plaintiff asserts that his "past relevant work was improperly classified as DOT 219.367-030, a shipping-order clerk" (Dkt. 15 at 18). Magistrate Judge Majzoub agreed with this contention, finding that DOT 219.367-030 set forth the job of a "Shipping-Order Clerk (clerical)" as follows:

> Requisitions transportation from freight carriers to ship plant products. Reads shipping orders to determine quantity and type of transportation needed. Contacts carrier representative to make arrangements and to issue instructions for loading products. Annotates shipping orders to inform shipping department of loading location and time of arrival of transportation. May perform other clerical tasks, such as typing and mailing bills, typing correspondence, and keeping files.
>
> DOT Code 291.367-030

Plaintiff, however, indicated that while he held the title "grocery manager," he did "everything," including stock work (Tr. 44, 59). His responsibilities included ordering groceries, but he also rotated stock, and met with vendors to setup in-store displays (Tr. 44-45, 61-62). Magistrate Judge Majzoub noted that Plaintiff specifically told the ALJ that he did not do a lot of paperwork and that he was on

his feet "constantly" (Tr. 45). As such, Plaintiff's work was not "clerical," as set forth in the DOT's description of a Shipping-Order Clerk.

Defendant objects to Magistrate Judgment Majzoub's recommendation to remand this case to clarify Plaintiff's past relevant work, and relies on the premise that the ALJ did not err because Plaintiff's non-attorney representative failed to challenge the VE's testimony as potentially contradictory to the DOT (Dkt. 20 at 5, citing *Martin v. Comm'r*, 170 Fed. App'x. 369, 374 (6th Cir. 2006)). SSR 00-4p provides that the adjudicator must resolve a conflict between the DOT and the VE "before relying on the VE . . . evidence." SSR 00-4p, 2000 WL 1898704 (2000). "Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct." *Id.* (quoting *Martin v. Comm'r*, 170 F. App'x 369, 374 (6th Cir. 2006)). To the contrary, "an administrative law judge [need not] conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the administrative law judge." *Ledford v. Astrue*, 311 Fed. Appx. 746, 757 (6th Cir. 2009). Nevertheless, the evidence of the conflict between Plaintiff's job as he performed it and the VE's classification under the DOT "casts doubt on the evidence the ALJ relied on to make [his] determination." *Underwood v. Comm'r of Soc. Sec.*, No. 12-12633, 2013 WL 3851002, *3 (E.D. Mich. July 25, 2013). As such, Magistrate Judge Majzoub's recommendation is sound, because the ALJ's step four conclusion is not supported by substantial evidence.

In sum, Plaintiff makes a persuasive argument that the job of Shipping-Order Clerk, as described in the DOT, requires the performance of significantly different tasks – and less physically onerous – than the job he actually held. As opposed to a purely clerical position, Plaintiff testified that his job required him to stock groceries, and spend significant amounts of time on his feet. Defendant has not offered any persuasive argument to the contrary, that the VE properly classified Plaintiff's prior work. Accordingly, on remand, the ALJ should develop a better record in order to determine whether Plaintiff's past work adequately corresponds to any job described in the DOT before relying on the DOT as evidence that Plaintiff is able to perform his past relevant work. *See, e.g., Lipke v. Astrue*, 575 F. Supp. 2d 970, 983 (W.D. Wis. 2007).

## **CONCLUSION**

For the reasons set forth above,

It is hereby ORDERED that Magistrate Judge Majzoub's Report and Recommendation of July 30, 2013 (Dkt. 19) is ACCEPTED and ADOPTED.

It is FURTHER ORDERED that Plaintiff's motion for summary judgment (Dkt. 15) is GRANTED IN PART and Defendant's motion for summary judgment (Dkt. 17) is DENIED.

It is FURTHER ORDERED that this matter be REMANDED for further proceedings consistent with this opinion.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2014

## **Certificate of Service**

I hereby certify that this Order was electronically submitted on March 18, 2014, using the CM/ECF system, which will send notification to each party.

> By: <u>s/A. Chubb</u>
> Case Manager